UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Y. DOLLY HWANG, <br>     Plaintiff, | ) <br> ) <br> ) |
|     v. | )  C. A. No. 11-12042-MLW <br> ) |
| WENTWORTH INSTITUTE OF <br> TECHNOLOGY, JOHN <br> P. HEINSTADT, ANNE GILL, <br> and ZORICA PANTIC, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                    April 5, 2013

Pro se plaintiff Y. Dolly Hwang ("Hwang"), a former tenured professor of Computer Science at Wentworth Institute of Technology ("Wentworth"), filed this case on November 17, 2011, against Wentworth and its employees John Heinstadt, Anne Gill, and Zorica Pantic. Hwang makes five claims against the defendants. All of them relate to matters that occurred before or at the time of the termination of her employment by Wentworth in June, 2006.

The defendants have filed a motion to dismiss for failure to state a claim on which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), which Hwang opposes. For the reasons described below, four of Hwang's claims are being dismissed. The motion to dismiss her Americans with Disabilities Act ("ADA") claim is being denied without prejudice to being refiled as a motion for summary judgment after limited discovery.

Counts 1, 2, and 3 of Hwang's complaint allege the common law torts of assault, wrongful termination, and intentional infliction

of emotional distress respectively.  They are, therefore, subject to the three year statute of limitations for bringing a tort action under Massachusetts law.  See Mass. Gen. Laws. ch. 260, §2A.

Defendants have moved to dismiss Counts 1, 2, and 3 as time barred. The statute of limitations is an affirmative defense that may be raised on a motion to dismiss.  See LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998).  However, "for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear 'on the face of the plaintiff's pleadings.'" Blackstone Realty, LLC v. Fed. Deposit Ins. Corp., 244 F.3d 193, 197 (1st Cir. 2001) (quoting Albahonda-Rivera v. Parke Davis & Co., 882 F.2d 590-91 (1st Cir. 1989) (which involved a statute of limitations defense)).

All of the alleged conduct of which Hwang complains concerning Counts 1, 2, and 3 occurred before June, 2006.  This case was not filed until 2011, more than five years after the last of the allegedly tortious acts.  It is, therefore, clear from the face of the complaint that Counts 1, 2 and 3 are time barred and must be dismissed.

In Count 4, Hwang alleges that defendants unlawfully deprived her of benefits to which she was entitled under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001-1461. More specifically, she contends that Wentworth's "disability program called for the college to fully fund the disabled

2

employee'[s] health insurance coverage," Compl. ¶7, and defendants
failed to do so.  Because the Long Term Disability Plan at issue is
both referenced and relied upon by Hwang in Count 4, and the
authenticity of the version of the Plan proffered by defendants is
not challenged, it is appropriate to consider that document in
deciding the motion to dismiss Count 4.  See Schatz v. Republican
State Leadership Comm., 669 F.3d 50, 55-56 (1st Cir. 2012); Beddall
v. State St. Bank & Trust, Co., 137 F.3d 12, 16-17 (1st Cir. 1998);
Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).

    Defendants are correct in their contention that the Long Term
Disability Plan at issue does not include a provision that entitled
Hwang to continuing health insurance coverage paid for by
Wentworth.  Therefore, Hwang has not stated a plausible claim that
she has been unlawfully deprived of that benefit.  Cf. Laurenzo v.
Blue Cross Blue Shield of Mass., 134 F. Supp.2d 189, 194 (D. Mass.
2001).  Therefore, Count 4 must be dismissed.[1]

    In Count 5, Hwang alleges that defendants discriminated
against her in violation of the ADA, 42 U.S.C. §§12101-12213.
Defendants contend that Count 5 should be dismissed because Hwang
does not allege that she filed her charge of discrimination with
the Equal Employment Opportunity Commission (the "EEOC") within 300

---

[1]The conclusion that Count 4 must be dismissed is reinforced
by the fact that Hwang does not allege that she exhausted the
administrative remedies provided in that Plan.  See Madera v.
Marsh USA, Inc., 426 F.3d 56, 61 (1st Cir. 2005).

days of the alleged violation of the ADA as required before a lawsuit may be instituted. In support of their claim that Hwang has not satisfied the procedural requirements for bringing this case, defendants have provided an affidavit asserting that Wentworth received no notice of a complaint by plaintiff with the EEOC or the Massachusetts Commission Against Discrimination ("MCAD"). Gill Aff. ¶5. With her opposition to the motion to dismiss Count 5, Hwang filed an affidavit stating, in pertinent part, that, "On 6/1/2007, I filed a complaint involving Wentworth Institute of Technology and its involved employees with the EEOC." Hwang Aff. ¶3.

Defendants are correct that ordinarily a plaintiff must comply with certain procedures before filing an ADA claim in federal court. See 42 U.S.C. §12117 (incorporating sections 2000e-4, 2000e-5, 2000e-6, 2000e-8 and 2000e-9 of Title VII); Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999). The ADA incorporates the administrative procedures applicable to a claim under §2000e-5 of Title VII. See 42 U.S.C. §12117 (incorporating sections 2000e-4, 2000e-5, 2000e-6, 2000e-8 and 2000e-9 of Title VII); Bonilla, 194 F.3d at 278. Those provisions require that before filing suit, a claim must be filed with the EEOC "'within one hundred and eighty days after the alleged unlawful employment practice occurred' or within 300 days if ' the person aggrieved has initially instituted proceedings with [an authorized] state or local agency,'"

4

in this case the MCAD. Bonilla, 194 F.3d at 278 (quoting 42 U.S.C. §2000e-5). A claimant who seeks to assert an ADA claim in court "first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency within the prescribed time limits." Id. Therefore, because Massachusetts is a "'deferral jurisdiction' the administrative charge must be filed within 300 days of the alleged unlawful conduct." Frederique-Alexandre v. Dep't. of Natural and Envtl. Res., 478 F.3d 433, 437 (1st Cir. 2007). In addition, an action under the ADA must be filed in federal court within 90 days after the EEOC issues the claimant a right-to-sue letter. See 42 U.S.C. §2000e-5(f)(1); Franceschi v. U.S. Dep't of Veterans Affairs, 514 F.3d 81, 85 (1st Cir. 2008).

Hwang does not allege in her complaint that she filed a claim, at any time, with the EEOC or MCAD. She only alleges that: "In 2007, the plaintiff brought the complaints to the attention of the Commonwealth of Massachusetts Attorney General and U.S. Department of Labor. In 2007, the defendants were informed of plaintiff's complaints by these officers." Compl. ¶12. Hwang also does not allege that she received a right-to-sue letter from the EEOC or MCAD, or that she filed this case within 90 days of receiving any such letter.

However, compliance with the administrative requirements of the ADA need not be alleged in a complaint. Rather, failure to satisfy those requirements is an affirmative defense. See Miles v.

5

Bellfontaine Habilitation Ctr., 481 F.3d 1106, 1107 (8th Cir. 2007);
Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997); cf. Conetta v.
Nat'l Hair Care Ctrs., 236 F.3d 67, 76-77 (1st Cir. 2001)(regarding
a Title VII retaliation claim); Bonilla, 194 F.3d at 278 (the
requirement that charges first be filed administratively "is more
akin to the statute of limitations," which is an affirmative
defense). Moreover, the requirement that a plaintiff timely file a
charge with the EEOC or MCAD "is not a jurisdictional prerequisite
to suit in federal court, but a requirement that, like a statute of
limitations, is subject to waiver, estoppel, and equitable tolling."
Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); see also
Bonilla, 194 F.3d at 278.

   As explained earlier, in order to grant a motion to dismiss based
on an affirmative defense, "review of the complaint, together with any
other documents appropriately considered under Fed. R. Civ. P.
12(b)(6), must leave 'no doubt' that plaintiff's action is barred by
the asserted defense." Blackstone, 244 F.3d at 197 (quoting
LaChapelle, 142 F.3d at 509). Defendants and Hwang have submitted
affidavits which put in dispute whether Hwang filed a complaint with
the EEOC that included the ADA charge made in this case against any
or all of the four defendants. These affidavits do not satisfy the
exceptions to the general rule that in deciding a motion to dismiss
a court must "take all allegations in the complaint as true and ...
draw all reasonable inferences in favor of the plaintiff." Rodriguez-

Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007); cf. Schatz, 669 F.3d at 55-56; Beddall, 137 F.3d at 16-17; Watterson, 987 F.2d at 3-4. Rather, the affidavits constitute "matters outside the pleadings" and may not be considered by the court without treating the motion to dismiss as one for summary judgment. See Fed. R. Civ. P. 12(d).

As Hwang is a pro se litigant, her claims must be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Estelle v. Gamble, 429 U.S. 97, 106 (1976). Her complaint is not deficient for failure to allege that she first timely filed the charges made in this case with the EEOC because, as explained earlier, failure to comply with administrative requirements is an affirmative defense. See Miles, 481 F.3d at 1107; Williams, 130 F.3d at 573; cf. Conetta, 236 F.3d at 76-77. Hwang's complaint otherwise alleges a plausible ADA claim against Wentworth, at least. Therefore, Count 5 may not be dismissed. See Bell Atl. Corp. V. Twombly, 550 U.S. 544, 559 (2007); Morales-Tafon v. P. R. Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008).

Rather, it is most appropriate to treat defendants' motion to dismiss Count 5 as a motion for summary judgment, and to permit the parties to develop and submit all of the material that is pertinent to deciding it as such. See Fed. R. Civ. P. 12(d). Therefore, the court is ordering limited discovery and further submissions before

deciding whether any or all of Hwang's ADA claims should proceed further.

In view of the foregoing it is hereby ORDERED that:

1.   Defendants' Motion to Dismiss (Docket No. 7) is ALLOWED with regard to Counts 1, 2, 3 and 4, and DENIED with regard to Count 5.

2.   By May 3, 2013, Hwang shall produce to defendants all documents and other evidence that support her claim that she filed the charges in this case with the EEOC on or about June 1, 2007, and indicate the disposition of any such charges. If Hwang filed charges with MCAD, she shall, by May 3, 2013, produce to defendants all documents pertinent to that filing and indicate the disposition of any such charges.

3.   By May 31, 2013, defendants may take Hwang's deposition on the issues relating to whether the administrative requirements for filing an ADA claim have been satisfied and, if not, whether Hwang should be excused from the obligation to meet them. Hwang may take the deposition of a representative of Wentworth on these issues by May 31, 2013.

4.   By June 14, 2013, the parties shall confer regarding the possible settlement of this case.  If the case is not resolved by agreement, defendants shall, by June 14, 2013, report whether they intend to file a motion for summary judgment on Count 5 and propose a schedule for doing so.

8

5.   An unexcused failure by any party to obey this Order may result in the imposition of sanctions, including the possible dismissal of Count 5 if Hwang does not comply. <u>See Mulero-Abreau v. P. R. Police Dep't.</u>, 675 F.3d 88, 89 (1st Cir. 2012); <u>Damiani v. R. I. Hosp.</u>, 704 F.2d 12, 16 (1st Cir. 1983).

UNITED STATES DISTRICT JUDGE