```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

Y. DOLLY HWANG,                )
     Plaintiff,                )
                               )
     v.                        )    C. A. No. 11-12042-MLW
                               )
WENTWORTH INSTITUTE OF         )
TECHNOLOGY, JOHN               )
P. HEINSTADT, ANNE GILL,       )
and ZORICA PANTIC,             )
     Defendants.               )

MEMORANDUM AND ORDER

WOLF, D.J.                                          June 9, 2014

I. INTRODUCTION

Pro se plaintiff Y. Dolly Hwang, a former tenured professor of Computer Science at Wentworth Institute of Technology ("Wentworth"), filed this case on November 17, 2011, against Wentworth and its employees John Heinstadt, Anne Gill, and Zorica Pantic. Hwang asserted five claims against the defendants, all of which related to matters that occurred before or at the time of the termination of her employment by Wentworth in June, 2006.

Defendants filed a motion to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), which Hwang opposed. On April 5, 2013, the court issued a Memorandum and Order (the "April 5, 2013 Order") dismissing four of Hwang's claims, and denying the motion to dismiss her claim under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. See April 5, 2013 Order ¶1. The motion to dismiss Hwang's ADA claim was denied without prejudice to being

resubmitted as a motion for summary judgment after limited discovery. Id. at 1.

On August 30, 2013, defendants filed a Motion for Summary Judgment. On December 16, 2013, the court issued a Memorandum and Order (the "December 16, 2013 Order") directing, among other things, that Hwang file her opposition to defendants' motion for summary judgment. On January 22, 2014, Hwang filed a Motion to Reconsider, requesting that the court reconsider the dismissal of her tort claims and her claim under the Employment Retirement Income Security Act ("ERISA"). Hwang also filed: (1) a Motion for Court Order to Defendants to Cooperate with Discovery; (2) a Motion for Allowing for Discovery of Evidence of Government Investigations and Fraudulent Concealment; (3) a Motion for Appropriate Orders Pursuant to Rule 56 Summary Judgment (d), (e), and (f); and (4) a Motion for Judgments as Matters of Law.

For the reasons described below, Hwang's Motion to Reconsider is being denied and defendants' Motion for Summary Judgment on Count V is being allowed. Hwang's remaining motions are, therefore, moot.

II. DISCUSSION

    A. Motion to Reconsider.

Hwang requests that the court reverse the dismissal of Counts I, II, III, and IV. In the December 16, 2013 Order, the court had

denied Hwang's request to reconsider the dismissal of Counts I through IV, her tort and ERISA claims. See Dec. 16, 2013 Order ¶1. In essence, Hwang requests that the court reconsider the denial of her first motion to reconsider, and reinstate Counts I-IV.

"Ruling on a motion for reconsideration requires a court to 'balance the need for finality against the duty to render just decisions.'" Galanis v. Szulik, 863 F. Supp. 2d 123, 124 (D. Mass. 2012) (quoting Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000)). A motion to reconsider is not a vehicle to reargue theories previously advanced and rejected. See Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006). Reconsideration is warranted only when: (1) the moving party presents newly discovered evidence that was not previously available; (2) there has been an intervening change in the law; or (3) the earlier decision was based on a manifest error of law or was clearly unjust. Id. The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." Id.

Hwang has not presented any newly discovered evidence. Nor does she assert that there has been an intervening change in the law. For the reasons stated in the December 16, 2013 Order, the dismissal of Counts I, II, III, and IV did not result from a manifest error of law and was not clearly unjust. See Dec. 16, 2013 Order at 2-5. Accordingly, Hwang's Motion to Reconsider is being denied.

B. <u>Defendants' Motion for Summary Judgment</u>.

In their motion for summary judgment, defendants assert that it is undisputed that Hwang has not satisfied the administrative prerequisite of filing a charge with the Equal Employment Opportunity Commission ("EEOC") or the Massachusetts Commission Against Discrimination ("MCAD") before filing her claim in this court. <u>See</u> Mot. for Summary Judgment at 1. This contention is correct.

"[T]he ADA mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, and that, absent special circumstances, ..., such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation of Title I of the ADA.." <u>Bonilla v. Muebles J.J. Alvarez, Inc.</u>, 194 F.3d 275, 277 (1st Cir. 1999).

"The Title VII administrative process begins with the filing of an administrative charge before the EEOC." <u>Franceschi v. U.S. Dep't of Veteran Affairs</u>, 514 F.3d 81, 85 (1st Cir. 2008). Section 2000e-5 of Title VII states that a "charge under this section shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice occurred." <u>See</u> 42 U.S.C. §2000e-5(e)(1). "In a 'deferral jurisdiction,' such as Massachusetts, this period is extended to three hundred days." <u>Thomas v. Eastman Kodak Co.</u>, 183 F.3d 38, 47 (1st Cir. 1999).

4

"The employee may sue in federal court only if the EEOC dismisses the administrative charge[.]" Franceschi, 514 F.3d at 85. "The EEOC must send the employee notice, in the form of what is known as a right-to-sue letter," and "[u]pon receiving such notice, the employee has ninety days to sue in federal court." Id.

In essence, a claimant, such as Hwang, who seeks to recover for an asserted claim for violation of Title I of the ADA "first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits." Bonilla, 194 F.3d at 278.

In this case, defendants filed an affidavit with their motion to dismiss, asserting that Hwang had not filed a charge with the EEOC or the MCAD. See May 9, 2012 Anne Gill Aff. ¶5. Hwang responded by stating that she had filed a charge with the EEOC on or about June 1, 2007. See Hwang May 31, 2012 Aff. ¶3. As the affidavits constituted matters outside the pleadings, the court did not consider them in deciding the motion to dismiss. See Apr. 5, 2013 Order at 7. The court observed that "it is most appropriate to treat the defendants' motion to dismiss Count 5 as a motion for summary judgment, and to permit the parties to develop and submit all of the material that is pertinent to deciding it as such." Id.

On August 14, 2013, Wentworth received notice from the EEOC that on August 12, 2013, Hwang filed a charge of discrimination against Wentworth. See Aug. 30, 2013 Gill Aff. ¶3. The August 12,

5

2013 charge includes an affidavit signed by Hwang, in which she states that "[i]n June of 2006, my employer terminated my employment" and "[o]n June 1, 2007, I filed a Complaint to Boston EEOC Office addressing to the then director of the office and notifying the office of my already filed complaint with the Massachusetts Disability Commission." Id. Ex. 1. Hwang further states that her "copy of the complaint is temporarily inaccessible, and is expected to become accessible in two months." Id.

On January 27, 2014, Hwang filed a copy of the letter she claims to have submitted to the EEOC on June 1, 2007 (the "June 1, 2007 letter"). See Pl.'s Filing of Court Required Document. "To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) (internal quotation marks omitted). "Rule 56(e) requires that the affidavit be made on personal knowledge, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein." Id. The letter filed by Hwang is not supported by an authenticating affidavit, and is unsworn and uncertified. The June 1, 2007 letter, in its present form is, therefore, inadmissible.

However, the First Circuit has held that evidence submitted in inadmissible form may be considered if it could be presented in a

6

form that would be admissible at trial. See Federal Rule of Civil Procedure 56(c)(2); Gorski v. New Hampshire Dep't of Corr., 290 F.3d 466, 475-76 (1st Cir. 2002). The June 1, 2007 letter is capable of being presented in a form that would be admissible at trial. Also, as Hwang is appearing pro se, the document filed must be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Therefore, Hwang's June 1, 2007 letter is being considered to decide whether defendants are entitled to summary judgment.

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, the moving party's burden "may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Summary judgment is, therefore, mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; Gorski,

290 F.3d at 475-76; Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir. 1994).

In this case, defendants contend that summary judgment should be entered in their favor because Hwang has presented no evidence to show that she satisfied the administrative prerequisite of filing a claim with the EEOC before initiating this case. See Mot. for Summary Judgment at 1. The letter produced by Hwang was allegedly filed with the EEOC on June 1, 2007. See Pl.'s Filing of Court Required Document. The alleged "unlawful employment practice" she complains of, the termination of her employment, occurred in June, 2006. See Compl. ¶9. Even assuming Hwang's employment was terminated on the last day of June, 2006, the charge was not presented to the EEOC within three hundred days from the alleged "unlawful employment practice." Therefore, the charge Hwang claims to have filed with the EEOC on June 1, 2007, was submitted too late to satisfy the usual requirements for later litigating a claim in federal court. See 42 U.S.C. §2000e-5(e); Bonilla, 194 F.3d at 278; Thomas, 183 F.3d at 47 (holding that in a deferral jurisdiction such as Massachusetts, a charge under Section 2000e-5 of Title VII must be filed with the EEOC within three hundred after the alleged unlawful employment practice occurred). Similarly, the charge filed by Hwang before the EEOC on August 12, 2013, was not timely.

Hwang has not submitted any other evidence indicating that she exhausted her administrative remedies before filing her ADA claim

8

in this court. Hwang has not produced a right-to-sue letter from the EEOC. Nor does she claim to have been issued one. See 42 U.S.C. §2000e-5(f)(1); Franceschi, 514 F.3d at 85 (holding that an employee may sue in federal court only if the EEOC dismisses the administrative charge and the EEOC sends the employee a right-to-sue letter).

Hwang has, therefore, not produced evidence that would permit a reasonable fact finder to conclude that she satisfied the administrative prerequisite of timely filing a charge with the EEOC before initiating this case.

The court recognizes that "[t]he charge-filing requirement, while obligatory, is not jurisdictional" and that it is "subject to the usual gamut of equitable exceptions." Bonilla, 194 F.3d at 278. However, "time limitations are important in discrimination cases, and [] federal courts therefore should employ equitable tolling sparingly." Id. However, even liberally construed, Hwang has not submitted evidence that would permit a reasonable fact finder to conclude that any circumstance beyond her control caused her to miss the filing deadline and, therefore, that equitable tolling is justified. Id.

Because a reasonable fact finder would be compelled to conclude that Hwang inexcusably failed to timely file a complaint with the EEOC that is the prerequisite to filing a federal suit

under the Title I of the ADA, defendants are entitled summary judgment on Count V, the only remaining claim in this case.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion for Reconsideration (Docket No. 49) is DENIED.

2. Defendants' Motion for Summary Judgment (Docket No. 36) is ALLOWED. Judgment shall, therefore, enter for defendants on Count V.

3. Plaintiff's Motion for Court Order to Defendants to Cooperate with Discovery (Docket No. 56) is MOOT.

4. Plaintiff's Motion for Allowing for Discovery of Evidence of Government Investigations and Fraudulent Concealment (Docket No. 58) is MOOT.

5. Plaintiff's Motion for Appropriate Orders Pursuant to Rule 56(d), (e), and (f) (Docket No. 61) is MOOT.

6. Plaintiff's Motion for Judgments as Matters of Law (Docket No. 66) is MOOT.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE